**UNITED STATES of America**
v.
**William A. GOODLOE, Petitioner.**
**Crim. No. 731-50.**

United States District Court
District of Columbia.
March 13, 1964.

Daniel J. McTague, Asst. U. S. Atty., for the District of Columbia, for the Government.

George E. C. Hayes, Washington, D. C., for petitioner.

HOLTZOFF, District Judge.

This Court has heretofore revoked the license of the defendant William A. Goodloe to practice medicine. He now petitions for a vacation of that order, in order that he may be restored to his rights to practice.

The revocation was had pursuant to the District of Columbia Code, Section 2-131, which authorized this Court either to suspend or revoke the license or registration of any physician or surgeon who was convicted in this Court of any felony. This defendant had been convicted on the charge of attempted abortion. The District of Columbia Code has established an agency known as the Commission on Licensure to Practice the Healing Art in the District of Columbia, D.C.Code, Section 2-103. One of the principal functions of this Commission is to pass on applications for admission to the practice of medicine and surgery. The Code contains elaborate provisions

as to the manner in which this function shall be performed.

Counsel for the petitioner suggests that the purpose of the present application to vacate the order of revocation is to make it possible for the petitioner to re-apply to the Commission on Licensure on the assumption that the Commission has no power to act unless the order of revocation is first vacated. The Court disagrees. To vacate the order of revocation would mean obviously that the order of revocation would instantaneously become a nullity and that the petitioner could immediately and automatically be restored to his right to practice medicine upon filing the necessary registration and paying the required fee. It is not for this Court, however, to determine whether the defendant is fit to practice medicine again. That is a matter for the Commission on Licensure. If I entertain and act upon this application, I would be depriving the Commission of that power. On the other hand, it is the opinion of this Court that the order of revocation does not bar the appropriate governmental agency from considering an application for a new license.

The suggestion made by Government counsel that under those circumstances the Commission might grant a new license the day after this Court entered an order of revocation does not impress the Court. The Court never assumes that a Government agency is going to act unreasonably.

Under the circumstances, the Court is of the opinion that to grant the present application is not only unnecessary for the protection of the rights of the petitioner, but might also lead to the unintended result to which I have already adverted. The Court concludes, therefore, that the Commission on Licensure has power to entertain and pass upon the merits of an application for the restoration of a right to practice medicine. The Court is making no suggestion as to whether the application should be granted or denied, but is merely ruling that the Commission has the power to entertain and pass upon the merits of the application, and that no action of this Court is needed as a prerequisite.

Accordingly, the petition is denied without prejudice to an application to the Commission on Licensure.